```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
UNITED STATES OF AMERICA      :
                              :     08 Cr. 638 (DAB)
          - v. -              :
                              :
TANYA HOLLANDER,              :
    a/k/a "Tania Hollander,"  :
                              :
               Defendant.     :
------------------------------x
```

GOVERNMENT'S SENTENCING MEMORANDUM

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                            of America.

DANIEL L. STEIN
Assistant United States Attorney
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------ X
 UNITED STATES OF AMERICA             :
     - against -                      :    08 Cr. 638 (DAB)
 TANYA HOLLANDER,                     :
    a/k/a "Tania Hollander,"
                                      :
                    Defendant.
                                      :
 ------------------------------------ X
```

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Government respectfully submits this memorandum in advance of sentencing in this matter, scheduled for Tuesday, November 25, 2008, at 4:30 p.m. For the reasons set forth below, the Government respectfully requests that the Court sentence the defendant within the applicable Sentencing Guidelines range.

**Background**

On August 25, 2008, Tanya Hollander pled guilty to a one-count, criminal information charging her with conspiring, in violation of Title 18, United States Code, Section 371, to use facilities in interstate commerce to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, a business enterprise involving prostitution offenses, in violation of Title 18, United States Code, Section 1952(a)(3). See PSR ¶¶ 2-3. More specifically, Hollander admitted that she participated in the conduct of the Emperors Club VIP, an illegal prostitution

business, by using cellular telephones and e-mail to schedule meetings between Emperors Club models and clients. See Transcript of Proceedings of August 25, 2008, at 15-16; PSR ¶¶ 35-37.

Conspiracy, in violation of 18 U.S.C. § 371, is a Class D felony, punishable by a maximum term of imprisonment of five years. 18 U.S.C. §§ 371, 3559. As part of a written agreement entered into in advance of the defendant's plea, the parties stipulated that the applicable United States Sentencing Guidelines offense level is 10, and that the defendant is in Criminal History Category I, resulting in an advisory Guidelines range of 6 to 12 months' imprisonment. PSR ¶ 4. However, because the offense falls within Zone B of the Sentencing Table, the Court may sentence the defendant, within the Guidelines, to a term of probation that includes a term of home confinement of at least six months. PSR ¶ 96.

## Applicable Law

Under current law, sentencing courts must engage in a three-step sentencing procedure. See United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). First, the district court must determine the applicable Guidelines range, and in so doing, "the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a

non-Guidelines sentence." Id. at 112.  Second, the district court must consider whether a departure from that Guidelines range is appropriate. Id.  Third, the court must consider the Guidelines range, "along with all of the factors listed in section 3553(a)," and determine the sentence to impose. Id. at 113.

Although the Guidelines are no longer mandatory, district courts must continue to "consult" the Guidelines and "take them into account" when sentencing. United States v. Booker, 543 U.S. 220, 264 (2005).  Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," Gall, 128 S. Ct. at 594, district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. Id. at 596; see also United States v. Rattoballi, 452 F.3d at 133 (the Guidelines "'cannot be called just 'another factor' in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges.'") (quoting United States v. Jiminez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc)); Kimbrough v. United States, 128 S. Ct. 558, 574 (2007).

**Discussion**

Here, there is no dispute as to the applicable Guidelines range and neither party has sought a departure. In determining the sentence to impose, the Government respectfully submits that this Court should give substantial weight to the length of time the defendant worked with her co-conspirators at the Emperors Club – approximately 10 months, from June 2007 to March 2008. See PSR ¶ 37, 32. The record provides no indication that the defendant would have ended her involvement with the Emperors Club, but for her arrest in March 2008.

The Government acknowledges that the defendant worked with the Emperors Club on only a part-time basis, see PSR ¶ 37, and that her involvement was limited to arranging appointments over the phone, see PSR ¶ 12. We respectfully submit, however, that these circumstances are taken into account by the Guidelines in this case, because of the parties' stipulation that a minor role adjustment applies. PSR ¶ 4(c).

**Conclusion**

Accordingly, the Government respectfully submits that a sentence within the applicable Guidelines range would be a fair and appropriate sentence in the instant case.

Dated:   New York, New York
         November 19, 2008

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney


                  By:    /s/
                         Daniel L. Stein
                         Assistant United States Attorney
                         Telephone: (212) 637-2407

CERTIFICATE OF SERVICE
---

      DANIEL L. STEIN deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

      That on November 19, 2008, he served a copy of the attached Government's Sentencing Memorandum by ECF on Michael Farkas, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

                            s/_____
                            DANIEL STEIN


Executed on: November 19, 2008
              New York, New York